UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BRUCE A. TISON, Executor/
Administrator for the
ESTATE OF CHARLES G. TISON,

        NO. CIV. S-04-1997 LKK/GGH

    Plaintiff,

  v.                                O R D E R

UNITED STATES OF AMERICA,

    Defendant.
_____/

    Plaintiff, Bruce Tison, is the executor of the estate of his father, Charles Tison. He sues seeking a refund in the amount of $213,976.00 for overpaid taxes for the 1993-1998 tax years and an abatement and refund of interests and penalties in the amount of $30,526.36 for the 1993 and 1996 tax years. The United States moves, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss plaintiff's claims for refunds for the 1993 through 1995 tax years (excluding certain credits) and the 1999 through 2001 tax years. The defendant also moves to dismiss plaintiff's claim that the

1

penalties and interests assessed for the 1999 tax year be abated. The defendant asserts that the court lacks subject matter jurisdiction over those claims.

**I.**

**THE COMPLAINT**

On September 24, 2002, Charles G. Tison ("Tison") died and his son was named the executor of the estate. Plaintiff discovered that his father had not filed state and federal income tax returns for the tax years 1993 through 2001. Plaintiff filed those returns in January of 2003, and now seeks refund and abatement relative to the tax years in issue.

Before his death, Tison made estimated tax payments for each of the years at issue. Plaintiff alleges, however, that during those years Tison was physically and mentally disabled due to chronic alcoholism, and thus unable to arrange his financial and personal affairs. His alcoholism ultimately lead to his death.

Plaintiff determined that the estimated payments that Tison made each year resulted in overpayments for the 1993 through 1998 tax years and a deficiency for the 1999 through 2001 tax years. The net result was an overall overpayment by Tison to the United States of $213,976.00.

On July 28, 2003, plaintiff requested the overpayment from the 1993 through 1998 tax years be credited against the amount of taxes due for the 1999 through 2001 tax years and that the remainder overpayment balance of $213,976.00 be refunded to Tison's estate.
////

1 Plaintiff also formally requested a waiver of the statute of
2 limitations under 26 U.S.C. § 6511(h).  The IRS denied the waiver
3 under § 6511(h) and thus denied the plaintiff's request for a
4 refund for the tax years 1993-1996. Plaintiff brings suit to
5 recover the overpayment.

## II.

### STANDARDS

8   It is well established that the party seeking to invoke the
9 jurisdiction of the federal court has the burden of establishing
10 that jurisdiction exists. KVOS, Inc. v. Associated Press, 299 U.S.
11 269, 278 (1936); Scott v. Breeland, 792 F.2d 925, 927 (9th Cir.
12 1986).

13   Where, as here, the defendant contends that the allegations
14 of jurisdiction contained in the complaint are insufficient on
15 their face to demonstrate the existence of jurisdiction, the
16 plaintiff is entitled to safeguards similar to those applicable
17 when a Rule 12(b)(6) motion is made.  The factual allegations of
18 the complaint are presumed to be true, and the motion is granted
19 only if the plaintiff fails to allege an element necessary for
20 subject matter jurisdiction.  See 2A J. Moore, J. Lucas & G.
21 Grotheer, Moore's Federal Practice, ¶ 12.07 (2d ed. 1987); see also
22 Eaton v. Dorchester Development, Inc., 692 F.2d 727, 731 (11th Cir.
23 1982); Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981),
24 cert. denied, 454 U.S. 897 (1981); Mortensen v. First Fed. Sav. &
25 Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977).  A complaint will
26 be dismissed for lack of subject matter jurisdiction (1) if the

case does not "arise under" any federal law or the United States Constitution, (2) if there is no case or controversy within the meaning of that constitutional term, or (3) if the cause is not one described by any jurisdictional statute. Baker v. Carr, 369 U.S. 186, 198 (1962).

## III.

## ANALYSIS

Defendant moves to (1) dismiss plaintiff's claims for refunds involving the 1993 through 1995 tax years, excluding certain applied credits[1]; (2) dismiss plaintiff's claims for refunds involving the 1999-2001 tax years; and (3) dismiss plaintiff's claim that the penalties and interest assessed for the 1999 tax year should be abated. For the reasons explained below, the defendant's motion is granted in part and denied in part.

**A.     RELEVANT PROVISIONS OF THE TAX CODE**

Under 26 U.S.C § 6511(a), a taxpayer must file a claim for credit or refund of an overpayment within three years from the time the return was filed; or if no return was filed, within two years from the time the tax was paid. 26 U.S.C § 6511(a).

////

---

[1] Defendant excludes from their motion the $4,756.67 and $8,064.53 credits, both applied on April 15, 1998 for the 1993 and 1994 tax years. As defendant concedes, credits are deemed as payments paid when applied for the purposes of 26 U.S.C. § 6511. Thus, since the foregoing credits were applied on April 15, 1998 within two years of the effective date of § 6511(h), July 22, 1998, the plaintiff's claim for refund of those credits were not otherwise barred by Section 6511(a) & (b) as of the effective date of Section 6511(h), July 22, 1998.

4

Even if a taxpayer files a claim within the required time period, § 6511(b)(2) places limitations on allowance of credits or refunds.  When the claim is filed within the three year period per 6511(a), the claim is limited in amount to the portion of tax paid within the three year period immediately proceeding the date the claim was filed. 26 U.S.C. § 6511(b)(2)(A).  When the claim was filed within the two year period per 6511(a), the claim is limited in its amount to the portion of tax paid within the two year period immediately proceeding the date the claim was filed. 26 U.S.C. § 6511(b)(2)(B).[2]

Under 26 U.S.C. § 6511(h), the running of period of limitations, as provided in § 6511(a) and (b), is suspended while a taxpayer is unable to manage financial affairs due to a disability.  The statutory notes clarify that § 6511(h) is forward looking and cannot "apply to any claim for credit or refund which is barred by operation of law as of the date of the enactment of the act," that being July 22, 1998.  See IRS Restructuring and Reform Act of 1998, Pub.L. 105-206, Sec. 3201(b), 112 Stat, 741 (1998).

---

[2] As the Circuit has explained, under § 6511(a) "a taxpayer's claim is timely if it is filed within three years from the date his income tax return is filed, regardless of when the return is filed." Omohundro v. United States 300 F. 3d 1065, 1069 (9th Cir. 2002).  Section 6511(b) is a look-back provision, which "effectively eliminate[s] any danger of taxpayers recovering on stale claims." Id. at 1068.  As the Omohundro court notes, this effect is illustrated by Revenue Ruling 76-511, in which the IRS found a refund claim was timely under 6511(a), but was barred by 6511(b) since the taxpayer did not pay the tax to be refunded within the three year period immediately preceding the date the return was filed. Id.

5

**B.    PLAINTIFF'S CLAIMS FOR REFUNDS INVOLVING THE 1993 THROUGH 1995 TAX YEARS**

Defendant moves to dismiss plaintiff's claim for refunds involving the 1993 through 1995 tax years. Defendant maintains that plaintiff cannot rely on §6511(h) because all the claims for the 1993 through 1995 tax years are time barred under 6511(a) and (b) as of July 22, 1998, the effective date of § 6511(h). Defendant also argues that the credit applied in 2003 to the 1993 and 1994 tax years cannot be claimed by plaintiff because the credit was applied after the plaintiff filed his claim. Plaintiff contends that the claims involving the years 1993 through 1995 were timely and that plaintiff can claim the credit that was applied in 2003.

**1.    Claims Involving Refund Of Overpayments For The 1993-1995 Tax Years**

Below the court concludes that defendant's motion to dismiss with respect to plaintiff's claim for refunds of overpayments or credits that were either paid or applied in the 1993 through 1995 tax years must be granted.[3]

Plaintiff argues that although Tison filed no tax returns, he could, but for his disability, have filed a return and claim that would not have been barred as of July 22, 1998. Pl.'s Opp'n at 5:12-19. While the factual premise may be correct, the conclusion

---

[3] The court excludes from this discussion the credits that were applied in 2003 for the 1993 and 1994 tax years. The 2003 credits are discussed infra.

6

plaintiff draws from that fact is not.

Under § 6511(a), since Tison never filed a tax return, he had two years to bring a claim for the overpayment, i.e. until April 15, 1996 for the 1993 tax year and until April 15, 1997 for the 1994 tax year.[4] It is undisputed that Tison brought no claim during those two years; and accordingly, plaintiff cannot invoke § 6511(h) because the claim was barred by operation of law on July 22, 1998, the effective date of the statute. As noted above, § 6511(h) is a forward looking provision and cannot "apply to any claim for credit or refund which is barred by operation of law as of the date of the enactment of the act," that being July 22, 1998. See IRS Restructuring and Reform Act of 1998, Pub. L. 105-206, Sec. 3201(b), 112 Stat, 741 (1998).

Similarly, plaintiff himself cannot now invoke § 6511(h) because, even though plaintiff's 2003 claim is not barred by 6511(a), the claim is barred by 6511(b), the limiting provision. For these reasons, the plaintiff's claim for refunds for overpayment and credit applied in the 1993 through 1995 tax years must be dismissed.[5]

---

[4] As far as the court can discern, there was no overpayment for the 1995 tax year. If there was, the same analysis would apply: any claim for overpayment would have to have been made by April 15, 1998.

[5] The court notes in passing that even if the court adopted the plaintiff's reasoning, the claim for the refund would still be barred. Assuming arguendo that Tison did file a return in 1996 for the 1993 tax and subsequently filed a claim under 6511(a) for a refund, the claim would still be barred under 6511(b), which limits the amount of recovery to the two years directly preceding the year the claim was filed.

7

      **ii.  Credits Applied In 2003 To The 1993 And 1994 Tax Years**

The parties dispute whether the court has jurisdiction over credits that were applied in March of 2003 to the 1993 and 1994 tax year accounts.  As the court understands the issue, there is a dispute as to when exactly plaintiff claimed the refund for these tax credits.

In January 2003, plaintiff filed tax returns for the 1993 through 1995 and 1999 through 2001 tax years.  All claims for credits and overpayments applied for the 1993 through 1995 tax years, however, were barred under § 6511(b), see infra at 6-7, except the credit that was applied in 1998, which is not part of this motion.

In March of 2003, the IRS applied credit to the 1993 and 1994 tax years.  After March, 2003, a claim for these credits would not be barred under 6511(a) or (b).  In other words, the credits were applied in March of 2003 and under 6511(a), plaintiff has until January of 2006 to file a claim for these credits.  Put directly, the July 2003 letter plaintiff directed to the IRS was a claim for the credits that were applied in March.  Defendant's argument to the contrary is not persuasive.

Defendant contends that in January of 2003, plaintiff filed tax returns for 1993 and 1994 and simultaneously requested a refund for overpayment credit.  As defendant notes, § 6511(a) "necessarily, allows for refunds of payments (or credits) that are paid (or applied) before the claim for the refund was made, not after."  Def.'s Reply at 4:13-14.  Thus, defendant contends,

1  because the credits were applied after the plaintiff made his
2  request in January of 2003, plaintiff cannot now seek a refund of
3  those credits.  The court does not agree.
4      Plaintiff maintains that his letter to the IRS dated July 22,
5  1998, Def.'s Mot. to Dism., Ex. M, was a claim for the refund and
6  thus was made after the credits were applied in March.
7  Accordingly, he argues that his claim covers these credits.
8  The question before the court is how to view the July 2003 letter
9  and whether the letter states a claim that encompasses the 2003
10 credits.
11     Defendant's argument that the letter is merely a follow-up is
12 unpersuasive.  There was an intervening event, namely the
13 application of the credit.  The letter is connected to the tax
14 returns filed in January.  The letter was a formal request to the
15 IRS demanding a refund of overpayments and credits for all the tax
16 years at issue.  Although the court is not now in a position to
17 determine the merits of the claim, it seems clear that the credits
18 applied in March of 2003 are included in the plaintiff's July 2003
19 request.
20     Since the plaintiff's claim for the credits applied in 2003
21 is not barred under 6511(a) and (b), the court has jurisdiction
22 over plaintiff's claim for these specific credits.  Accordingly,
23 the court will deny defendant's motion to dismiss with respect to
24 the credits applied in 2003 to the 1993 and 1994 tax years.
25 ////
26 ////

9

1  **C.   PLAINTIFF'S CLAIMS FOR REFUNDS INVOLVING THE 1999 THROUGH 2001 TAX YEARS**

Defendant claims that the court lacks subject matter jurisdiction over plaintiff's claims for refunds for the tax years 1999-2001 and thus claims pertaining to these years should be dismissed.  Specifically, defendant argues that Tison had tax liabilities for all three of these years and that his liabilities were higher than the taxes paid for each of the years.  Therefore, there can be no refund because there was no overpayment. Def.'s Mot. to Dism. at 10:3-6.

Plaintiff states in his opposition brief that he "does not oppose the motion as to the later years 1999-2001, as no claim for refund is actually made for any of these years."  Pl.'s Opp'n at 3:16-17.

Upon review of plaintiff's complaint, it appears that plaintiff did not seek a refund of overpayment with respect to the tax years 1999-2001.  For this reason, the court will deny defendant's motion to dismiss plaintiff's claims for refunds for the 1999 through 2001 tax years.

**D.   PLAINTIFF'S CLAIM THAT THE PENALTIES AND INTEREST ASSESSED FOR THE 1999 TAX YEAR SHOULD BE ABATED**

Defendant moves to dismiss plaintiff's claim that the penalties and interests assessed for the 1999 tax year be abated because those taxes, penalties and interest have not been fully paid. Specifically, defendant explains that a taxpayer must fully pay all assessed taxes, penalties, and interests before filing a

10

suit to seek a refund.  Since plaintiff has not fully paid the taxes for the 1999 tax year, plaintiff's claim for a refund involving the penalties and interests assessed for the 1999 tax year is barred.  Def.'s Mot. to Dism. at 10:14-21.

Plaintiff does not address this issue in his opposition memorandum.  Instead, plaintiff states that "as to tax years 1999 through 2001, plaintiff does not oppose Defendant's motion."  Pl.'s Opp'n at 7:17-18.

Upon review of plaintiff's complaint, it appears that plaintiff never requested that the interests and penalties be abated with respect to the 1999 tax year[6]. Given that plaintiff never raised this claim in his complaint, there is no claim to dismiss.  For this reason, the court denies defendant's motion with respect to plaintiff's claims for abating the penalties and interests for the 1999 tax year.

## IV.

## ORDERS

For all the foregoing reasons, the court hereby ORDERS as follows:

1.  Defendant's motion to dismiss plaintiff's claim for refunds for the 1993-1995 tax years, excluding the credit applied in 1998 and in March 2003, is GRANTED.

////

---

[6] The court notes that plaintiff did in fact request that the interests and penalties assessed in the years 1993 and 1996 in the amount of $30,526.36 be abated and refunded, see Compl. at 3:27-4:3, but there is no similar request for the 1999 tax year.

11

1    2.   Defendant's motion to dismiss plaintiff's claim for
2 refunds for the 1999-2001 tax years is DENIED.
3    3.   Defendant's motion to dismiss plaintiff's claim that
4 the penalties and interest assessed for the 1999 tax year should
5 be abated is DENIED.
6    IT IS SO ORDERED.
7    DATED:  October 18, 2005

                                 /s/Lawrence K. Karlton
                                 _____

                                 LAWRENCE K. KARLTON
                                 SENIOR JUDGE
                                 UNITED STATES DISTRICT COURT